**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOHN DOE #1 and JOHN DOE #2, <br><br>                           Plaintiffs, <br><br>    v. <br><br> CITY OF SAN DIEGO *et al.*, <br><br>                         Defendants. | Case No. 17-cv-1581-BAS-WVG <br><br> **ORDER DENYING DEFENDANT'S EX PARTE MOTION TO HAVE PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT TAKEN OFF CALENDAR** <br><br> **[ECF No. 25]** |

Plaintiffs John Doe #1 and John Doe #2 have filed a motion for partial summary judgment. (ECF No. 24.) Plaintiffs seek summary judgment on the first claim in their complaint: their state law preemption claim. Defendant City of San Diego filed an ex parte motion requesting the Court take Plaintiffs' motion for summary judgment ("MSJ") off calendar. ("Ex Parte Mot.," ECF No. 25.) Defendant argues that pending legislation, State Bill 145 or SB145, will render Plaintiffs' MSJ moot. Plaintiffs oppose the ex parte motion. ("Opp'n," ECF No. 26.) For the foregoing reasons, the Court **DENIES** Defendant's Ex Parte Motion.

**I.    BACKGROUND**

Plaintiffs John Doe #1 and John Doe #2 are two California residents who are required to register as sex offenders ("Registrants") pursuant to California Penal

Code Section 290, *et seq.* (ECF No. 1, ¶ 6–7.) John Doe #1 resides in the City of San Diego and John Doe #2 intends to establish a new lawful permanent or temporary residence in the City of San Diego. (*Id.*) Therefore, John Doe #1 alleges he is subject to San Diego Municipal Code, Chapter 5, Article 8, Division 6, Sections 58.0601–58.0607 (the "Ordinance"). (*Id.*) John Doe #2 alleges the Ordinance precludes him from establishing a residence in the City of San Diego. (*Id.*) Plaintiffs challenge the constitutionality of the Ordinance on two grounds. As relevant here, Plaintiffs' MSJ argues preemption—that "California state law preempts local governments from imposing residency restrictions on Registrants who are not serving terms of parole." (ECF No. 24-1, at 1.) Specifically, California Penal Code section 3003.5 restricts Registrants released on parole from residing with other Registrants in a single family dwelling and makes it unlawful "for any person for whom registration is required pursuant to [California Penal Code] Section 290 to reside within 2000 feet of any public or private school, or park where children regularly gather." Subsection (c) provides that "nothing in this section shall prohibit municipal jurisdictions from enacting local ordinances that further restrict the residency of any person for whom registration is required pursuant to Section 290." Cal. Penal Code § 3003.5(c).

The Ordinance mandates additional residency restrictions for Registrants in the City of San Diego. Plaintiffs argue Penal Code section 3003.5(c) provides that while municipalities can adopt stricter laws, like the Ordinance, the laws may apply only to parolees. Defendant disagrees and states that if pending legislation SB145 is passed, it "would make it clear that the right to adopt stricter legislation found in 3003.5(c) applies not only to parolees but to 'anyone convicted of an offense requiring registration pursuant to Penal Code section 290.'" (Ex Parte Mot. at 2.) Thus Defendant asks the Court to defer ruling on Plaintifs' MSJ while SB145 is considered.

/ / /

## II.    DISCUSSION

Defendant asks the Court to defer ruling on Plaintiffs' MSJ, which is the same as asking the Court to stay the Motion.

The Court has inherent power to control its docket, including the discretion to stay proceedings or parts of proceedings. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936). The determination of whether to stay proceedings is best determined by weighing the competing interests of the parties and of the Court. *Id.*

> "Among those competing interests are the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay."

*Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (citing *Landis*, 299 U.S. at 268).

As it stands now, Plaintiffs' MSJ contests current legislation. This legislation may or may not change in the future. The issue therefore is whether the Court should stay or defer ruling on Plaintiffs' MSJ while SB145 is considered. The problem with doing so is that the stay would be indefinite, as no party can point to a set date on which the fate of SB145 will be determined. *See Yong v. I.N.S.*, 208 F.3d 1116, 1119 (9th Cir. 2000) ("If a stay is especially long or its term is indefinite, we require a greater showing to justify it."). Defendant estimates SB145 will "be on the floor later this month" but of course, this could be delayed, and further, the date of the bill's passage or rejection cannot be determined. Plaintiff argues that even if SB145 proceeds forward, and even if the Governor signs SB145 into law after it is passed, the law would not take effect until January 1, 2020. (Opp'n at 2.) Indeed, whether the bill will be passed, whether any changes will be made to it, and exactly when all of this will occur is speculative.

As the reasoning behind its request, Defendant argues if the Court defers ruling

on the MSJ, this could "mitigate costs to the parties." (Ex Parte Mot. at 3.) The Court agrees it is a burden on Defendant, or on any party in a lawsuit, to prepare a responsive brief to an MSJ. Defendant argues it will be burdened by responding to Plaintiffs' MSJ which it believes will soon be mooted. But beyond the hardship in preparing a brief, Defendant will not be prejudiced if the Court denies the present ex parte motion. *See Mendez v. Optio Sols., LLC*, 239 F. Supp. 3d 1229, 1234 (S.D. Cal. 2017) (denying stay where the only hardship identified by the defendant was the possibility the parties may engage in unnecessary discovery and/or motion practice). On the other hand, Plaintiffs face potential prejudice if the Court grants the present ex parte motion. If the Court defers ruling on the MSJ, and then SB145 is not adopted or is adopted differently than Defendant anticipates, Plaintiffs will be prejudiced by the unnecessary delay. This speculative prejudice, on both sides, does not weigh in favor of a stay. The Court also notes that Plaintiffs filed their MSJ prior to the scheduled Early Neutral Evaluation ("ENE") conference. Plaintiffs state they hope the Court could resolve the issue in their MSJ before the ENE so that the parties will know whether the issues in the case have been narrowed by the time they sit down with the magistrate judge to discuss the case. (Opp'n at 1.) The Court agrees that leaving this issue hanging in limbo would likely make the settlement discussions at the ENE less productive.

After considering the competing interests, the Court finds the equities do not support staying or deferring ruling on Plaintiffs' MSJ.

## III.    CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendant's ex parte motion. (ECF No. 25.) Plaintiffs' MSJ remains on calendar.[1] However, going forward, the

---

[1] This case was recently transferred from Judge Moskowitz to this Court. Like the rules of Judge Moskowitz's chambers, this Court's chambers rules provide that the hearing date on a motion does not indicate a date when appearances are necessary; rather, it sets a briefing schedule for the motion. Therefore, the date of August 9, 2019 on Plaintiffs' MSJ only sets the briefing schedule for the Motion and the Court will set oral argument if it deems necessary.

Parties **SHALL** alert the Court through a short joint motion as to any passage, relevant changes made to, or rejection of SB145.

    **IT IS SO ORDERED.**

**DATED: July 12, 2019**

Hon. Cynthia Bashant
United States District Judge